PIERCE, Judge.
Appellant Kenneth E. Lippincott appeals to this Court from a summary final judgment entered by the Pinellas County Circuit Court in favor of appellee John P. Lee in a medical malpractice suit.
On September 26, 1969, Lippincott filed his second amended complaint against the appellees above named in four counts. The first count alleged negligence on the part of the Hospital Association in that it “negligently failed to restrain the plaintiff’s movements through the use of appropriate restraining methods and equipment”. The second count alleged negligence on the part of Lee, an orthopedic surgeon, in that he “carelessly and negligently treated the plaintiff as to cause him to become * * * a quadruple paraplegic”. The third count alleged negligence on the part of Pittman, also an orthopedic surgeon, in the same general language alleged against Lee. The fourth count charged Harrison, a medical doctor, with the same general allegations of negligence.
Thereafter, following procedural maneuvers the suit was narrowed down to a case between Lippincott and Dr. Lee. Answer and affidavit were filed by Dr. Lee denying the allegations of negligence against him, whereupon, on December 30, 1969, the Court granted his motion for summary judgment and on the same day entered up summary final judgment in his favor. On motion by Lippincott, the Court, on January 9, 1970, granted a rehearing on the ground that the summary judgment “was entered through inadvertence”. On March 13, 1970, Dr. Lee moved “to reinstate the summary judgment previously entered” and on March 31, 1970, the latter motion for summary judgment was granted. It is from this summary final judgment that the instant appeal comes to this Court.
The sole point involved in this appeal is whether the trial Court was, as a matter of law, warranted in entering a summary final judgment in favor of Dr. Lee. We hold that, in the present state of the record, the Court was not so justified, and therefore reverse.
It is unnecessary and would serve no good purpose to attempt to delineate the various facets of evidence before the trial Court at the time the second summary judgment was entered; also, it would be inappropriate so to do, in light of the fact that the cause must go back to the lower Court for trial by jury.
The legal criterion imposed upon Dr. Lee in the trial Court in his quest for summary final judgment was that, as stated by the Supreme Court in Holl v. Talcott, Fla.1966, 191 So.2d 40—
“ * * * the burden to prove the nonexistence of genuine triable issues is on the moving party, and the burden of proving the existence of such issues is not shifted to the opposing party until the movant has successfully met his burden.”
As we read the record, Dr. Lee did not meet this burden. So the order granting the summary final judgment must be and is—
Reversed, for appropriate proceedings not inconsistent herewith.
LILES, Acting C. J., and McNULTY, J„ concur.